■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MARTINEZ, Appellant. [628 NYS2d 788] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered December 2, 1993, convicting him of unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the early morning hours of May 13, 1993, a Brooklyn police officer discovered the defendant asleep in an automobile which had been reported stolen. On appeal, the defendant contends that his conviction for unauthorized use of this vehicle was against the weight of the evidence because the complainant's testimony that he forcibly stole the car was incredible, and must necessarily have been rejected by the jury which acquitted him of robbery. We disagree.

Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should

be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Here, the complainant unequivocally testified that his vehicle was stolen by a man who dragged him from his car while he was stopped at a red light and that he did not give the defendant permission to use the car. The evidence thus established that the defendant used the vehicle without its owner's consent. Furthermore, contrary to the defendant's contention, the jury could have acquitted him of robbery because they had a reasonable doubt about whether the complainant accurately identified him as the individual who forcibly stole the vehicle, rather than because they disbelieved the complainant's testimony that a robbery had occurred. Moreover, even if we were to assume that the jury rejected the complainant's testimony that the vehicle was stolen, the defendant's own testimony establishes that neither the owner of the vehicle nor any other person who may have been authorized to use it gave him permission to do so. Thus, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contention is unpreserved for appellate review. Bracken, J. P., Joy, Friedmann and Krausman, JJ., concur.